UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.  Case No. 1:21-cr-207 (TNM)

MATTHEW COUNCIL

_____/

### TIME-SENSITIVE MOTION TO MODIFY CONDITIONS OF RELEASE

**NOW COMES** the Federal Defender for the Middle District of Florida, by and through undersigned counsel, and moves this Court to modify his conditions of pretrial release to permit him to reside at the Bay Gardens Assisted Living Facility in Tampa, Florida.

### STATEMENT OF POINTS AND AUTHORITIES

Mr. Council was charged by indictment on March 10, 2021, and then by superseding indictment on December 1, 2021.  The alleged offenses relate to the events of January 6, 2021, at the U.S. Capitol building.  Following Mr. Council's arrest, this Court released him under certain conditions.  On or about March 16, 2022, Mr. Council, who has long suffered from severe mental illness, suffered an acute mental breakdown.  Family members advanced a previously scheduled outpatient therapy appointment to that day, which Mr. Council attended.  The therapist found Mr. Council in a delusional state, and escorted him to Tampa Community Hospital for involuntary commitment proceedings under Florida's

Baker Act. Once at the hospital, Mr. Council agreed to a voluntary commitment in lieu of involuntary commitment and was hospitalized.

In response to these events, this Court held a hearing on Mr. Council's conditions of release on March 23, 2022. This Court issued an ordered directing that, "[i]n addition to the current release conditions, Council shall remain at his current mental health treatment facility and notify Pretrial Services 24 hours prior to discharge." The Court ordered defense counsel to provide the Court with a housing and treatment plan by April 11, 2022.

Today, April 6, 2022, the hospital notified Pretrial Services that it intends to discharge Mr. Council to the Bay Gardens Assisted Living Facility in Tampa, Florida ("Bay Gardens"). In response, Pretrial Services raised concerns about the suitability of Bay Gardens, given that available public marketing material on the facility suggests it is oriented toward the elderly. To investigate, defense counsel spoke to the Director of Behavioral Health at Tampa Community Hospital, Mark Cardillo (along with other hospital staff). Mr. Cardillo explained that Mr. Council's longtime therapist, who initially committed him, has examined Mr. Council and determined that his mental state does not make him a threat to himself or others. During his hospitalization, Mr. Council began a course of treatment with an antipsychotic drug, Haldol. While Mr. Council continues to suffer from delusions, he is not a danger and his capable of functioning independently. He thus does not

2

meet criteria for hospitalization, voluntary or otherwise, the acute crisis having passed.

Hospital staff explained to defense counsel that Bay Gardens is a facility to which they very frequently discharge mentally ill patients following hospitalizations. Bay Gardens has nurses on staff and a doctor on call, and will obtain Mr. Council's medication from a pharmacy and ensure that he is taking it correctly. Mr. Council can then continue outpatient mental health treatment. Mr. Cardillo emphatically rejected defense counsel's proposed characterization of Bay Gardens as "an old folks' home." While not secure in the sense that Mr. Council would be physically locked into the facility, Bay Gardens observes rules regarding when and under what conditions its residents may come and go. Mr. Council will be permitted to continue the wear of the location monitor on his ankle that he has worn throughout these proceedings.

When defense counsel inquired as to why Mr. Council should not be discharged to a long-term, inpatient facility oriented toward mental health treatment, hospital staff explained that such facilities are rare, as are the conditions for admission to them. While the hospital provides care for acute breakdowns like the one Mr. Council has overcome, very rarely would a medical facility be appropriate afterwards. Instead, what Mr. Council needs is support in continuing his medication and his outpatient treatment, which Bay Gardens can provide. At defense counsel's

3

request, the hospital agreed to not discharge Mr. Council for one more day so that this motion could be filed.

This Court should enter an order permitting Mr. Council to reside at Bay Gardens because such a condition, in combination with the other conditions already in place, will reasonably assure the appearance of Mr. Council in court as required and the safety of any other person and the community.  A court may release a defendant "subject to the least restrictive . . . condition, or combination of conditions, that [the] judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ."  18 U.S.C. § 3142(c)(1)(B).  "The judicial officer may at any time amend the order to impose additional or different conditions of release."  *Id*. § 4142(c)(3).

Here, Mr. Council no longer meets the conditions for hospitalization and medical professionals have determined that his mental illness does not make him a danger to himself or others.  Bay Gardens was selected by the hospital as a place Mr. Council can reside at which facility staff can monitor and assist in his medication compliance and he can continue his outpatient treatment.  Because he is no danger to himself or anyone else, a condition requiring him to reside at Bay Gardens will reasonably assure the safety of others and the community.  Accordingly, this Court should modify the conditions of release to permit his placement at Bay Gardens.

**WHEREFORE**, Mr. Council prays this Court will modify his conditions of pretrial release to permit him to reside at the Bay Gardens Assisted Living Facility in Tampa, Florida.

DATED this 6th day of April 2022.

                    Respectfully submitted,

                    A. FITZGERALD HALL, ESQ.
                    FEDERAL DEFENDER

                    */s Samuel E. Landes*
                    Samuel E. Landes, Esq.
                    D.C. Bar No. 1552625
                    Assistant Federal Defender
                    400 North Tampa Street
                    Suite 2700
                    Tampa, Florida 33602
                    Telephone:  (813) 228-2715
                    Facsimile:  (813) 228-2562
                    Email:  Samuel_Landes@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th of April 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Sean Murphy.

                    */s Samuel E. Landes*
                    Samuel E. Landes, Esq.
                    Assistant Federal Defender