UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                                    Case No. 1:21-cr-207 (TNM)

MATTHEW COUNCIL

_____/

### PARTIALLY OPPOSED MOTION TO CONTINUE

NOW COMES Matthew Council, by and through undersigned counsel, and moves this Court to continue the sentencing hearing in this matter to a date on or after approximately February 12, 2023, or, in the alternative, for approximately 30 days.

### STATEMENT OF POINTS AND AUTHORITIES

Mr. Council pled guilty to offenses related to the events of January 6, 2021, at the U.S. Capitol building, and the Court has scheduled sentencing for November 1, 2022. The probation officer prepared a draft presentence report and disclosed it to the parties under Fed. R. Crim. P. 32(e) on September 30, 2022. Both parties timely provided written objections to the probation officer under Fed. R. Crim. P. 32(f) on October 13 and 14, 2022. The probation officer has not yet responded to the parties' objections or disclosed a revised report under Fed. R. Crim. P. 32(f)(3) or (g).

The parties' positions on the application of the Sentencing Guidelines diverge somewhat dramatically. The draft presentence report and the parties' objections

raise a host of factual and legal issues, each worthy of research and briefing in the parties' sentencing memoranda. Such issues include at least (1) whether Mr. Council intended to assault a police officer when he entered the restricted zone around the Capitol; (2) whether Mr. Council intended a violation of 18 U.S.C. § 1512(c)(2), the obstruction of an official proceeding provision of the Sarbanes-Oxley Act of 2002, when he engaged in disorderly conduct; (3) whether Mr. Council's assault of a Capitol Police officer was "motivated by" the officer's status as a police officer; (4) whether the applicable guideline for Count Four, which charges disorderly conduct, is the guideline for obstructing officers or the guideline for trespass; and (5) whether or how Mr. Council's six offenses are to be "grouped" under the Guidelines. The resolution of these issues will have a material effect on the final guidelines range in this case.

Further, the parties should address what effect Mr. Council's mental illness should have on the sentence. Mr. Council's expert has prepared a 19-page report that addresses Mr. Council's extensive mental illness and treatment history, and that draws conclusions about his mental state at the time of the offense and after. Mr. Council will seek a downward departure under U.S.S.G. § 5H1.3 and a variance under 18 U.S.C. § 3553(a)(1) on this basis.

Lastly, this Court ordered the Government to compile certain data about similar cases, and then sought and provided additional data from the Sentencing

Commission for the parties' use at sentencing. Sentencing memoranda are due October 25, 2022.

## ARGUMENT

This Court should continue the sentencing hearing to a date on or after February 12, 2022, to await the court of appeals decision reviewing *United States v. Miller*, __ F. Supp. 3d __, 2022 WL 823070 (D.D.C. 2022). In the alternative, this Court should continue the sentencing hearing for approximately one month to allow the parties and the probation officer to address the issues raised by the draft presentence report.

### I. The *Miller* appeal.

For Count Four, charging disorderly conduct, the probation officer has applied U.S.S.G. § 2B2.3, the guideline for trespass. The probation officer concludes that Mr. Council's disorderly conduct included an intent to obstruct an official proceeding under 18 U.S.C. § 1512(c)(2), and so applies § 2B2.3's cross reference, resulting ultimately in the application of the obstruction of justice guideline rather than the trespass guideline. Compared to Mr. Council's view of the Guidelines range, the difference caused by the probation officer's approach is quite large, as the probation officer's approach causes the misdemeanor in Count Four to be primary driver of the overall offense level. Under Mr. Council's view, the Guidelines range should be 8 to 14 months' imprisonment, putting him in Zone C of the sentencing

3

table, which generally allows for a non-incarceration sentence. Under the probation officer's view, the Guidelines range is 30 to 37 months' imprisonment and incarceration would be required under the Guidelines. (The Government arrives at a Guidelines range similar to the probation officer's without expressly endorsing her § 1512(c)(2) theory).

Thus, while the procedural posture is different, and while Mr. Council maintains that the evidence would fail to show a violation of § 1512(c)(2) under any interpretation of the statute, the probation officer's position presents an issue that has divided the judges of this district, i.e., whether § 1512(c)(2) covers obstructive conduct unrelated to documents and records. In *Miller*, the court dismissed a § 1512(c)(2) count for a defendant charged with misconduct at the Capitol, construing the statute narrowly to prohibit only obstructive conduct related to documents and records. And, to be sure, in *United States v. Hale-Cusanelli*, No. 1:21-cr-37 (TNM), 2022 WL 4300000 (D.D.C. Sep. 19, 2022), this Court ruled to the contrary, construing § 1512(c)(2) broadly to include misconduct at the Capitol unrelated to documents or records.

The Government has appealed the decision in *Miller*. Oral argument before the Court of Appeals for the District of Columbia Circuit is set for December 12, 2022. By statute, the Government's interlocutory appeal must be "diligently prosecuted," 18 U.S.C. § 3731, and the court of appeals has procedures in place to

4

expedite the decision of such appeals, see Circuit Rule 42.7, U.S. Court of Appeals for the D.C. Circuit.

This Court should continue sentencing in this case to at least mid-February 2023 to allow the court of appeals to decide *Miller*. First, a binding opinion from the court of appeals would obviate the need for this Court to decide the legal issue that might be otherwise presented, as well as the factual question of whether the evidence demonstrates that Mr. Council intended to violate § 1512(c)(2) even under an expansive view of the statute. Everyone agrees that Mr. Council's misconduct had nothing to do with documents or records, so if the court of appeals construes the statute narrowly in *Miller*, there will be nothing left for this Court to decide on the issue.

Second, awaiting the *Miller* decision could obviate the need for Mr. Council to appeal his sentence. If the Court adopts the probation officer's view and sentences Mr. Council accordingly, he would be required to appeal to seek review, even if a favorable and binding *Miller* opinion were to issue within months of sentencing.

Third, and relatedly, awaiting a *Miller* decision may obviate the need for this Court to decide a motion for release pending appeal. Under the relevant statute, the Court would have to first decide whether clear and convincing evidence shows that Mr. Council "is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of [Title 18.]" 18 U.S.C.

5

§ 3143(b)(1)(A). Mr. Council's recent behavior on pretrial release and appearance at sentencing would constitute strong evidence in support of this prong. Next, the Court would be required to decide whether Mr. Council's appeal of the Court's § 1512(c)(2) decision "is not for the purpose of delay and raises a substantial question of law or fact . . . ." *Id*. § 3143(b)(1)(B). That is, the Court will be called upon to decide whether the issue raised in *Miller*, *Hale-Cusanelli*, and here is "a close question or one that very well could be decided the other way." *See United States v. Perholtz*, 836 F.2d 554, 556 (D.C. Cir. 1987). Even if this Court ultimately disagrees with it, the court's thoughtful and thorough opinion in *Miller* demonstrates that the issue is a close question that could be decided the other way.

Lastly, the Court would be called upon to decide whether Mr. Council's appeal is "likely to result in" "(iii) a sentence that does not include a term of imprisonment" or "(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). That is, the Court must imagine an alternative sentencing universe in which Mr. Council has prevailed on his objection to the application of § 1512(c)(2), and decide whether, in that scenario, the Court would impose a sentence of imprisonment, under § 3143(b)(1)(B)(iii). If the Court determines that it would have imposed a sentence of imprisonment, it must then imagine what that sentence would have been. Then, the Court must speculate as to the expected

duration of an appeal, and decide whether its imagined sentence of imprisonment would be longer or shorter than that duration. *See id*. § 3143(b)(1)(B) ("the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence."). All of this would be obviated by a binding opinion in *Miller*, because the issue would not be "substantial" under § 3143(b)(1)(B). To avoid the many issues created by the application of § 1512(c)(2) to this case, this Court should continue the sentencing hearing to await the court of appeals' decision in *Miller*.[1]

**II. The complexity of the issues at sentencing.**

Even if the Court does not continue the sentencing hearing long enough for the court of appeals to decide *Miller*, it should continue the hearing for at least a month to allow the parties sufficient time to address the various issues presented by the presentence report, Mr. Council's mental illness, and the sentencing data compiled by the Government and the Court. Each of the issues raised by the

---

[1] While certain facts can disqualify a defendant from release pending appeal, none are present here. *See* 18 U.S.C. § 3143(b)(2) (disqualifying defendants convicted of certain offenses); *id*. § 3142(f)(1) (providing the list of disqualifying offenses, including "a crime of violence"); *id*. § 3156(a)(4) (defining "crime of violence" to include "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another"); *cf. United States v. Diaz*, 865 F.3d 168, 178-79 (4th Cir. 2017) (collecting cases that have decided that a violation of 18 U.S.C. § 111(a) does not include the use of physical force under similar definitions of "crime of violence").

7

presentence report and the parties' objections thereto are substantial. For the adversary system to be of sufficient value to the Court in deciding them, the parties should provide the Court with detailed briefing. While the probation officer may narrow the issues before the Court by providing a revised presentence report, that is unlikely to happen in time for the parties to respond. Further, the parties must sufficiently address the relevance of Mr. Council's mental illness on his commission of the offense and evidence of his post-offense rehabilitation, as well as the sentencing data for similar offenses. To allow the parties sufficient time to address these issues, this Court should continue the sentencing hearing for at least a month, even if the Court does not continue the hearing to await a decision in *Miller*.

### III. The Government's position.

Defense counsel has consulted with counsel for the Government on this motion. The Government opposes any continuance to await the court of appeals' decision in *Miller*. However, the Government does not oppose a shorter continuance for the parties to address the various issues in this case. So, while the Government opposes a *Miller*-based continuance and does not necessarily endorse all of the reasoning herein, it does not oppose the alternative relief requested by Mr. Council.

**WHEREFORE**, Mr. Council prays this Court will continue the sentencing hearing to at least February 12, 2023, or, in the alternative, for approximately one month.

DATED this 19th day of October 2022.

Respectfully submitted,

A. FITZGERALD HALL
FEDERAL DEFENDER

/s *Samuel E. Landes*
Samuel E. Landes
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email:  Samuel_Landes@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th of October 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Sean Murphy.

/s *Samuel E. Landes*
Samuel E. Landes
Assistant Federal Defender